**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennell D. Andrews, a single woman, individually and as surviving mother of decedent Demetrius T. Andrews, on behalf of herself and all statutory claimants, and as natural parent and next of friend of D.D.A., a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>Bridgestone Firestone North American Tire, LLC,<br><br>        Defendant. | No. CV-07-1591-PHX-DGC<br><br>**ORDER** |

Claimant Kurtis Andrews, father of decedent Demetrius Andrews, has filed a motion to remand this action to state court. Dkt. #6. Defendant Bridgestone Firestone North American Tire, LLC ("Bridgestone") has responded. Dkt. #9. Claimant has not filed a reply brief, and the time for doing so has expired. The Court will deny the motion.[1]

**I.    Background.**

Plaintiff Jennell Andrews, a citizen of Arizona, filed a wrongful death action in this court. The complaint asserted various state claims against Bridgestone. Federal subject matter jurisdiction was based on diversity of citizenship among the parties and an allegation

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

that the matter in controversy exceeded the jurisdictional amount of $75,000. *See* CV-07-770-PHX-SRB, Dkt. #1.

Plaintiff filed an amended complaint naming as additional defendants T&S Auto Group, Inc. ("T&S" Auto), American Honda Motor Company, Inc. ("Honda"), and Isuzu Motors Limited and Isuzu Motors America, Inc. ("Isuzu"). *See id.*, Dkt. #6. The addition of T&S Auto, an Arizona corporation, defeated diversity jurisdiction. The case accordingly was dismissed for lack of subject matter jurisdiction. *See id.*, Dkt. ##26-27.

Plaintiff filed a new complaint against defendants in state court. When Plaintiff voluntarily dismissed T&S Auto, Honda, and Isuzu, Bridgestone removed the case to this Court based on diversity jurisdiction. *See* CV-07-1591-PHX-DGC, Dkt. #1 & Attachs.

**II.     Removal and Remand Standards.**

Any state-court civil action over which federal district courts would have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). In an action not involving a federal question, removal is proper if none of the defendants is a citizen of the state in which the action is brought and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a)(1). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

**III.    Analysis.**

Claimant contends that diversity of citizenship does not exist because Bridgestone is a citizen of Arizona. Claimant asserts that Bridgestone "is licensed to transact business within Arizona and is incorporated in Arizona," but provides no evidence to support the assertion. Dkt. #6 at 3.

For purposes of diversity jurisdiction, a limited liability company like Bridgestone "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Bridgestone's notice of removal alleges that it is a Delaware limited liability company with its principal place of business in Tennessee. Dkt. #1 ¶ 4. Claimant asserts that the notice of removal is deficient because it

contains no allegation regarding the citizenship of Bridgestone's members. Dkt. #6. In response to Claimant's motion, Bridgestone has presented uncontroverted evidence showing that its sole member is Bridgestone Americas Holding, Inc., a Nevada corporation with its principle place of business in Tennessee. Dkt. #9-2 ¶ 3; *see also* Dkt. #2, 7 ¶ 4. Based on this evidence, which the Court will construe as an amendment to Bridgestone's notice of removal, Bridgestone is a citizen of Nevada and Tennessee for purposes of diversity jurisdiction. *See Johnson*, 437 F.3d at 899; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (stating that the district court did not err in construing the defendant's response brief as an amendment to its notice of removal).

Complete diversity exists in this case, and the amount in controversy exceeds $75,000. *See* Dkt. ##1-2 at 3-18, 7 ¶¶ 3-4. The Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**IT IS ORDERED** that Claimant Kurtis Andrews' motion to remand (Dkt. #6) is **denied**.

DATED this 22nd day of October, 2007.

_____
David G. Campbell
United States District Judge